## MARX *v.* SMITH.

Equity—Mortgage Foreclosure—When Set Aside.

A mortgage foreclosure will not be set aside as against a purchaser who has paid approximately the full value of the property, where there is no evidence of fraud, upon the mere showing that the mortgagee's attorney was mistaken as to the lot lines, and had permitted the two lots covered by the mortgage to be bid in for the same amount, supposing that a store building was upon both lots, whereas it stood entirely upon one.

Appeal from Wayne; Carpenter, J. Submitted October 9, 1896. Decided December 9, 1896.

Bill by Maria Marx against William Smith and others to set aside the foreclosure of a mortgage and to foreclose the same. From a decree dismissing the bill, complainant appeals. Affirmed.

*George W. Coomer* and *W. F. Atkinson*, for complainant.

*Charles C. Stewart*, for defendants Karth and Smith.

Moore, J. September 29, 1892, James W. Wright and wife gave complainant a mortgage of $1,300 on two lots in Wyandotte owned by them. The lots were lots 13 and 14 in block 85, on the northeast corner of Elm and Third streets; Elm running east and west, and Third north and south. February 21, 1893, Wright and wife mortgaged the same lots to defendant Smith for $150. August 18, 1894, the complainant's mortgage was foreclosed by advertisement. Each lot was sold for $764.24. James W. Wright died after the sale, and Mrs. Wright, as survivor, became sole owner of the equity of redemption. Mr. Wright was present at the sale, but took no

part in the bidding, and told his wife, on his return home, how much each lot sold for. August 17, 1895, Mrs. Wright sold to C. Stewart her equity in lot 14 for $50 cash, she retaining the right to occupy the dwelling portion of the building thereon, until April 1, 1896. The deed was made to Charles W. H. Potter. On the same day $817.78 was paid to the register of deeds to redeem lot 14, and the complainant was notified of that fact. August 22, 1895, the defendant Frank Karth purchased lot 14, paying therefor $1,125, and the Smith mortgage was discharged of record. Lot 13 was not redeemed. When Karth purchased he was in possession of a hardware store on the lot. After his purchase he made repairs to the amount of nearly $300.

October 24, 1895, complainant filed a bill for the purpose of setting aside the prior foreclosure proceedings, and to foreclose her mortgage over again. It is her claim that the valuable buildings are all on one lot, and that one lot is much more valuable than the other; that, prior to the foreclosure, she thought that the lot lines ran at right angles from what they do in fact; that she put the mortgage in the hands of Judge Look for foreclosure, and supposed he would so conduct the foreclosure proceedings as to protect her interests; that she had no knowledge that the law required the lots covered by the mortgage to be sold separately; that her attorney had no knowledge as to the line of the lots, and supposed the store building was on both lots; that she had no knowledge of the manner of sale until the time for redemption had expired; that a mistake had been made in the manner of sale, which would result in a loss to her if it was allowed to stand; and charging full knowledge on the part of the defendants of the mistake, and charging them with a conspiracy to profit by her mistake, and praying for a decree as above stated. The answer denied the averments of the bill. The case was heard in open court by Judge Carpenter, and the bill was dismissed.

The complainant relies upon the case of *Root* v. *King*, 91 Mich. 488, in support of her claim for relief. This record does not disclose such a case as the one cited by counsel. There is nothing in the record to disclose any fraud on the part of defendants, or any want of good faith on the part of Mr. Karth. The property has cost him approximately what it is worth, and the circuit judge very properly dismissed the bill.

The decree is affirmed, with costs.

The other Justices concurred.